33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daniel L. CLAUSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7023.
 United States Court of Appeals, Federal Circuit.
 Feb. 7, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Daniel L. Clauson's appeal for lack of jurisdiction. Clauson has not filed a response.
 
 
 2
 On March 5, 1993, the Board of Veterans Appeals denied Clauson's claim of service connection for a duodenal ulcer, denied his claim for an effective date prior to December 14, 1988 for post-traumatic stress disorder (PTSD), granted him a 70 percent evaluation for his PTSD, and granted him a total evaluation based on individual unemployability due to service connected disabilities. On August 6, 1993, Clauson filed a notice of appeal from the Board's decision. On November 2, 1993, the United States Court of Veteran's Appeals granted the Secretary of Veterans Affairs' motion to dismiss Clauson's appeal for lack of jurisdiction because it was filed more than 120 days after the Board's decision was mailed to him. Clauson appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Clauson challenges the determination by the Court of Veterans Appeals that his appeal was untimely filed. His appeal thus amounts to a request for review of a factual determination and a challenge to the law as applied to the particular facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.